Case: 1:09-cv-00518 Document #: 1 Filed: 01/27/09 Page 1 of 14 PageID #:1



**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED
Jan 27, 2009
JAN 2 7 2009
MB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

United States of America ex rel.  )
)
Norman McINTOSH  K69272  )
(Full name and prison number)  )
(Include name under which convicted)  )
)
PETITIONER  )         09cv518
)         JUDGE LEINENWEBER
vs.  )         MAG. JUDGE NOLAN
)
TERRY McCANN  )
(Warden, Superintendent, or authorized  )
person having custody of petitioner)  )
)
RESPONDENT, and  )
)
**(Fill in the following blank only if judgment  )
attacked imposes a sentence to commence  )
in the future)**  )
)
ATTORNEY GENERAL OF THE STATE OF  )    Case Number of State Court Conviction:
)
Illinois  )     02-CR-3003
(State where judgment entered)  )

### PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: Cook County Courts Building 2600 S.California, Chicago, Illinois,

2. Date of judgment of conviction: December 18/2003

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
   First Degree Murder, Attempt First Degree Murder, Aggravated Battery with a firearm, Aggravated Discharge of a firearm and Aggravated Battery

4. Sentence(s) imposed: 20-years, 25-years(Consecutive) 6-years, 3-years-3-years-Concurrently.

5. What was your plea? (Check one)    (A) Not guilty    (X)
                                       (B) Guilty        ( )
                                       (C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

Revised: 7/20/05

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):   Jury ( )   Judge only (X)

2. Did you testify at trial?   YES ( )   NO (X)

3. Did you appeal from the conviction or the sentence imposed? YES (xx)   NO ( )

   (A) If you appealed, give the

   (1) Name of court: Appellate Court of Illinois

   (2) Result: Conviction Confirmed in part and vacated in part

   (3) Date of ruling: December 30/2005

   (4) Issues raised: Defendant was denied cross-examination of a witness from inquiring into a pending charge against one of the state's key witnesses, The 15-20-25 years to life enhancement is unconstitutional, Aggravated Battery is lesser included offense of Attempted Murder

   (B) If you did not appeal, explain briefly why not:
   _____

4. Did you appeal, or seek leave to appeal, to the highest state court?   YES (X)   NO ( )

   (A) If yes, give the

   (1) Result: Conviction Confirmed

   (2) Date of ruling: May/24/2006

   (3) Issues raised: Defendant was denied cross-examination from inquiring into a pending charge against one of the state's key witnesses to show bias motive to testify false for the state. The 15-20-25-years to life enhancement is unconstitutional, aggravated battery is a lesser included offense of attempted murder

   (B) If no, why not: _____

5. Did you petition the United States Supreme Court for a writ of *certiorari*?   Yes ( )   No (X)

   If yes, give (A) date of petition: _____ (B) date *certiorari* was denied: _____

**PART II – COLLATERAL PROCEEDINGS**

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (X)   NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: __Circuit Court of Cook County__

   B. Date of filing: __November 29/2006__

   C. Issues raised: __Ineffective assistance of trial counsel for not filing a motion to suppress identification__

   D. Did you receive an evidentiary hearing on your petition?   YES ( )  NO (X)

   E. What was the court's ruling?   __NONE__

   F. Date of court's ruling: __January 19/2007__

   G. Did you appeal from the ruling on your petition?   YES (X)  NO ( )

   H. (a) If yes, (1) what was the result?  __Denied__

           (2) date of decision:  __September 15/2008__

     (b) If no, explain briefly why not: _____

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES (X)   NO ( )

     (a) If yes, (1) what was the result?  __Denied__

           (2) date of decision:  __November 26/2008__

     (b) If no, explain briefly why not: _____

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )   NO (X)

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

   | | | |
   |---|---|---|
   | 1. | Nature of proceeding | NONE |
   | 2. | Date petition filed | NONE |
   | 3. | Ruling on the petition | NONE |
   | 4. | Date of ruling | NONE |
   | 5. | If you appealed, what was the ruling on appeal? | NONE |
   | 6. | Date of ruling on appeal | NONE |
   | 7. | If there was a further appeal, what was the ruling? | NONE |
   | 8. | Date of ruling on appeal | NONE |

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court?**   YES ( )   NO (X)

   A. If yes, give name of court, case title and case number:   NONE

   B. Did the court rule on your petition? If so, state

   (1) Ruling:   NONE

   (2) Date:   NONE

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?   YES ( )   NO (X)

   If yes, explain:   NONE

## PART III – PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one  The trial court erred when Norman McINTOSH was denied his
Supporting facts (tell your story briefly without citing cases or law):

constitutional right to cross-examine the witnesses against him, when the

defense was prevented from inquiring into a pending charge against one of

the state's key witnesses. Defense counsel attempted to question a state's

witness about aa pending charge when the state objected. The objection

wasrepeatedly sustained, defense counsel explained to the trial judge

the line of questioning was to show bias or motive to testifyiny falsely

for the state.(The following Colloquy took place)(SEE EXHIBIT#1)

On appeal the state ardued that defendants constitutional right was not

violated because, defense was permitted to ask questions about witness

gang affiliation, defendant meticulously questioned the witness about

PAGE CONTINUE-8

(B) Ground two  Section 5-8-1 (a) (1) (d) (iii) of code of corrections,
which Supporting facts:

which mandates the addition of 25 years to natural life to the

sentence of a defendant found to have caused death by discharging

a firearm, is unconstitutional because it does not bear a reasonable

relationship to the public interest of punishing the risk that

firearms pose to others when used during the commission of murder.

It is unconstitutional because the penalty for using a firearm

during a murder is more severe than the penalty for similar

offense that create a greater risk thus violating the prohibition

against disproportionate penalties in a post-trial motion,

defense counsel argued that this statue had not been ruled on

PAGE CONTINUE 8

5

Revised: 7/20/05

(C) Ground three <u>Norman McIntosh pro-se post-conviction petition</u>
Supporting facts:

stated the gist of a claim that trial counsel was ineffective forfailing to file a motion to suppress identification where trial counsel had information demonstrating the suggestiveness

and unreliability of the identification procedure and identifications were the key evidence against McIntosh. McIntosh's murder conviction was based primarily on the identifications testimony of James Hobson, Darius Thompson anfd Aaron Smith, three eye witnesses to the shooting at trial. Defense counsel revealed that she had evidence of the suggestiveness of the procedures by which James Made the initial identification of Mc Intosh from a photo

(D) Ground four <u>           <span style="text-align:right">PAGE CONTINUE-9-10</span></u>
Supporting facts:

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

  YES (X) NO ( )

3. If you answered "NO" to question (2), state <u>briefly</u> what grounds were not so presented and why not:

Revised: 7/20/05

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing __NONE__

(B) At arraignment and plea __Assistant public defender Ruth McBeth__

(C) At trial __Assistant public defender's Marijane Placek and Ruth McBeth__

(D) At sentencing __Assistant public defenders Marijane Placek Ruth McBeth__

(E) On appeal __Assistant Appellate Defender Miriam Sieria__

(F) In any post-conviction proceeding __Assistant Appellate Defender Christopher Kopacz__

(G) Other (state): _____

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )  NO (X)

Name and location of the court which imposed the sentence: __NONE__

Date and length of sentence to be served in the future __NONE__

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: 12-2-08
(Date)

Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

_Norman McIntosh_
(Signature of petitioner)

K69272
(I.D. Number)

P.O. BOX 112, Joliet, Ill, 60434
(Address)

facts pertaining to the actual shooting. The state's arguments are wrong. Although defense was allowed to question the witness on other issues, it is well recognized by the federal courts that a defendant has a right to question a witness about a pending charge to show bias or motive to testify falsely for the state.

The appellate court denied defendant direct appeal stating "THE TRIAL COURT ERRED BY IMPROPERLY RESTRICTING DEFENDANTS CROSS-EXAMINATION OF DARIUS THOMPSON, HOWEVER, WE CONCLUDE THE ERROR WAS HARMLESS.
While the record establishes defense counsel attempted to question Darius Thompson regarding whether any charges were pending against him, nothing in the record indicates what the pending charge was, the court further states, "DUE TO THE INSUFFICIENCY OF THE RECORD BEFORE US, WE CANNOT PROPERLY DETERMINE THE SCOPE OF TRIAL COURTS ERROR." We note our task would have been made substantially easier if defense counsel had simply made an offer of proof on the record. The court finally concluded their statement by saying "OUR DECISION IS FURTHER SUPPORTED BY THE FACT THAT DARIUS THOMPSON'S TESTIMONY WAS SUBSTANTIALLY CORROBORATED BY THE TESTIMONY OF JAMES HOBSON AND ARRON SMITH" (SEE EXHIBIT-#2) This decision cannot stand because it is in direct contradiction of federal law and the sixth amendment to the federal constitution. because this error was not harmless beyound a reasonable doubt, McINTOSH must be granted a new trial.

### GROUND TWO CONTINUED FROM PAGE (5)

by the Illiois Supreme Court yet therefore, the defendant should not be given the 25-to-natural life enhancement, On direct appeal the state argued that the defendants claims is meritless because of a recent case SHARPE, had been rejected by the Supreme Court.

The appellate court states "IN LIGHT OF THE SHARPE CASE WE FIND SECTION 5-8-1 (a) (1) (d) (iii) DID NOT VIOLATE THE PROPORTIONAL PENALTIES CLAUSE OF THE ILLINOIS CONSTITUTION. WE ALSO CONCLUDE DEFENDANTS DUE PROCESS RIGHTS WERE NOT VIOLATED SINCE THE INCREASED SENTENCE IS REASONABLY RELATED TO THE PUBLIC INTEREST IN PUNISHING USE OF A FIREARM TO COMMIT MURDER. This ruling should not because

-8-

stand because the SHARPE case ruling came after the conclusion of the defendants case, therefore, the law that was valid at the time should apply to the defendants case. The appellate courts decision should be overturned for those reasons.

### GROUND THREE CONTINUED FROM PAGE (6)

array. Counsel however, sought to challenge the identification only through cross-examination of James Hobson and not through a pre-trial motion to suppress the identification. The impact on counsel's decision was apparent at trial as the hearsay rules prevented her from fully presenting evidence she had that challenged the identifications procedures at trial. James Hobson Darius Thompson and Aaron Smith, each identified McIntosh as the shooter and testified that they had previously identified McIntosh to police. James first identified McIntosh in a photo array at his home on January 8/ and then in a line up on January 18/. Aaron and Darius identified McIntosh in a line up the same day. It is clear from defense counsel's cross-examination of James that she knew of evidence that James initial identification of McIntosh through the photo array was suggestive. James testified on direct examination that when he identified McIntosh, the police officer confirmed to him that police had McIntosh in custody. On cross examination defense counsel sought to question James about the officers comments at the photo array. The state objected on hearsay grounds and defense counsel responded that she wished to question the witness about the suggestiveness of the identification procedures. The trial court responded "THIS ISN'T A MOTION, THOUGH, IN THE APPELLATE COURTS ORDER IT STATES "NOTHING IN DEFENDANT'S PETITION OR THE RECORD INDICATES HIS TRIAL COUNSEL WAS AWARE OF ANY SIGNIFICANT EVIDENCE TO ATTACK THE IDENTIFICATION PROCEDURE USED BY THE POLICE, BESIDES THE OFFICER'S COMMENT'S TO Hobson Following the photo array.

Defense counsel's decision to challenge the suggestiveness of the photo array array at trial-- rather than through a pre-trial motion to suppress evidence-- was a matter of trial strategy.

In light of the officers comment solidifying James selection his subsequent identification of McIntosh in the line-up is more readily understandable as the fruit of his previous identification in other words, at the line-up, James was likely to select the same man whose photograph he chose a week earlier, as described above, the photo array in this case involved improper police tactics and thus, created a substantial likelihood of irreparable misidentification when James viewdd the line up and identified McIntosh at trial.

Besides knowing about the officer's suggestive comments, defense counsel also knew that photo array may have unfairly singled out McIntosh as a criminal where he was wearing a shirt with the word "THUG" written clearly on it. Here by wearing a shirt that clearly associated him with being a "THUG", McIntosh drew attention as a probable criminal and thus a person more likely to be a murder suspect, with only a few persons to choose from in the photo array. There was a significant chance that McIntosh would be chosen. The appellate court did not respond to that part of McIntosh claim, therefore, this claim should be reviewed by the federal courts and McIntosh given a new trial.

1      A    No.

2      Q    Nobody ever interviewed you?

3      A    No.

4      Q    Nobody ever showed you that picture

5 before?

6      A    Yes.

7      Q    Who showed you that picture?

8      A    A lady.

9      Q    Was it a lady in court?

10     MR. SHEARER: Judge, I will stipulate.

11     MS. PLACEK: No, Judge. If it pleases the

12 Court, the problem I have is that this gentleman

13 was -- I heard the State say something behind my

14 back, and now the gentleman didn't answer, and now

15 the State has given the answer. This goes to his

16 ability to recall and identify, Judge. If he can't

17 identify, even if it took as long as it did and the

18 State had a jump in like they did and say we'll

19 stipulate and then --

20     THE COURT: This is argument.

21     MS. PLACEK: That whole line of questioning,

22 that's what I'm objecting to.

23    → Q    Now, specifically -- by the way, who is

24 that young man sitting over there?

```
 1             MS. D'SOUZA:  Objection.
 2             THE COURT:  Where are you going?
 3             MS. PLACEK:  As to where he is living
 4   currently.
 5             THE COURT:  Ask him.
 6             MS. PLACEK:  Q   Where are you living?
 7             MR. SHEARER:  Objection, Your Honor.
 8             THE COURT:  Overruled.
 9             THE WITNESS:  Audy Home.
10             MS. PLACEK:  Q   You're charged?
11             MS. D'SOUZA:  Objection.
12             THE COURT:  Sustained.
13             MS. PLACEK:  Well, Judge, goes as to bias.
14             MR. SHEARER:  Your Honor, we have an
15   objection.
16             THE COURT:  I don't think charges --
17             MS. PLACEK:  Q   Do you have a case pending?
18             THE WITNESS:  A   Yes.
19             MR. SHEARER:  Same objection.
20             THE COURT:  Sustained.
21             MS. PLACEK:  Goes to bias for testifying,
22   Judge.  Just for the record.
23             THE COURT:  I understand.  Sustained.
24             MS. PLACEK:  Q   Specifically, originally you
```

1-04-2574

We conclude the trial court erred by improperly restricting defendant's cross-examination of Darius Thompson; however, we conclude the error was harmless. While the record establishes defense counsel attempted to question Darius Thompson regarding whether any charges were pending against him, nothing in the record indicates what the pending charge was. Due to the insufficiency of the record before us, we cannot properly determine the scope of the trial court's error. We note our task would have been made substantially easier if defense counsel had simply made an offer of proof on the record. "An adequate offer of proof is the key to properly preserving a trial court's error in excluding evidence." People v. Thompkins, 181 Ill. 2d 1, 10 (1998). In light of our inability to properly examine the issue, we conclude the trial court's error was harmless.

Our decision is further supported by the fact that Darius Thompson's testimony was substantially corroborated by the testimony of James Hobson and Aaron Smith. While the trial court recognized minor inconsistencies existed in the witnesses' testimony, it noted there were no variations in the witnesses' identification of defendant as the shooter.

Defendant contends section 5-8-1(a)(1)(d)(iii) of the Code, which mandates the addition of 25 years-to-life to the sentence of a defendant found to have caused death by discharging a firearm, is unconstitutional because it does not bear a reasonable relationship to the public interest in punishing the

1-04-2574

risk firearms pose to others when used during the commission or murder. Defendant also contends section 5-8-1(a)(1)(d)(iii) violates the prohibition against disproportionate penalties because it punishes him more seriously for personally discharging a firearm than he would have been punished for similar offenses that create a comparable threat to the public.

Recently, our supreme court rejected arguments identical to the ones raised here by defendant. People v. Sharpe, 216 Ill. 2d 481 (2005). In light of Sharpe, we find section 5-8-1(a)(1)(d)(iii) did not violate the proportional penalties clause of the Illinois Constitution. We also conclude defendant's due process rights were not violated since the increased sentence is reasonably related to the public interest in punishing use of a firearm to commit murder. See Sharpe, 216 Ill. 2d at 527-33.

Defendant contends his conviction for aggravated battery should be vacated because it is a lesser included offense of attempted murder.

Defendant was convicted of one count of aggravated battery (720 ILCS 5/12-4(a) (West 2000)), a Class 3 felony, and one count of attempted murder (720 ILCS 5/9-1(a)(1) (West 2000)), a Class X felony.

Under the one-act, one-crime rule announced in People v. King, 66 Ill. 2d 551, 556 (1977), multiple convictions are improper if they are predicated upon the same physical act. People v. Rodriguez, 169 Ill. 2d 183, 186 (1996). If the

-8-